THOMAS, Justice.
Sometime before 31 March 1950 the appellant and the appellee entered into- negotiations for the sale by the latter to the former of two lots located in Dade County. On that date a contract of purchase was delivered to the owner accompanied by a check for $100 and although the owner kept the money, he failed to execute the agreement.
For more than a year the negotiations were suspended, then the appellee offered the property to appellant for a price in excess of that originally considered by the parties. Soon after the appellant telegraphed its acceptance and the appellee confirmed the agreement, provided the closing date be advanced to the last of the following month.
The day the confirmation was received, the appellant ordered an abstract of title and later got an opinion from its attorney who reported that the title was marketable. The appellant deposited an additional sum of $100.
The parties then exchanged correspondence relative to the kind of deed the ap-pellee would deliver. This discussion apparently continued for three months or so when the -appellant’s attorney sübmitted a special warranty deed with instructions that upon execution the deed be sent to a certain bank with draft attached for the remainder of the purchase price.
Nine days later the appellant repeated the request 'that the deed be executed, but the appellee declined; instead he offered to deliver a deed of a form unacceptable to the appellant.
These protracted negotiations drew to a rather abrupt close, more than four and a half years after they began, with the transmission by the attorney for the appellant to the attorney representing the appellee of a message''which we consider highly significant, and determinative of this case: “If it -is your client’s intention to rescind the transaction, then the deposit- of $200.00 should be returned.” The letter containing this statement was dated in Miami 8 November 1954 and addressed to the attorney in New York. Two days later the addressee replied thát his client, appellee, thought the demand was unwarranted inasmuch as the property had been withheld from the market for more than four years, nevertheless he had decided to accede to the request that the money be refunded. The letter concluded with the following paragraphs:
“Will you, therefore, kindly advise me to whose order his [appellee’s] check should be drawn so that I may procure and forward it to you ’ in final disposition of the entire matter.
“In view of the foregoing, the fact that neither you nor I can locate a copy of whatever contract -existed between the parties, need give us no further concern.”
We repeat, the first letter bore the date November 8th and the reply was dated November 10th. On November 15th the appellant’s attorney acknowledged the receipt of the letter of November 10th and advised that on November 12th this' suit *294 for specific performance of the contract had been filed.
It seems to us there is no use to digest the extended negotiations to determine whether or not they had crystalized into a contract which would support a decree for specific performance or to review decisions holding that an exchange of correspondence may establish an enforceable contract. The statement we have called “significant” counteracted any grounds for the remedy that appellant had assembled up to that time.
As we construe the last three letters, the appellant clearly gave the appellee the opportunity to rescind whatever agreement had at that time been reached or was then being formulated. It is equally plain that the appellee made the choice of rescinding, leaving nothing to be done to that end except the transmission of the sum of the down payments. It was quite natural to inquire about the person to whose order the payment should be made, and this the appellee did promptly. In such circumstances the appellant could not work a withdrawal of its oiler to rescind whatever agreement may have been reached by the process of filing a suit for specific performance.
We hold that the appellant offered the appellee the privilege to rescind; that the offer was accepted; that the attempt at withdrawal was ineffective; and that the chancellor committed no error when he entered the decree dismissing the bill and commanding the appellee to pay to the appellant the sum of the deposits with interest. Cf. Jones v. Dove, 382 Ill. 445, 47 N.E.2d 447; Higbie v. Higbie, 306 Mich. 577, 11 N.W.2d 248.
Affirmed.
TERRELL, HOBSON and THORNAL, JJ., concur.
DREW, C. J., and ROBERTS and O’CONNELL, JJ., dissent.